IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tony R. Ingram, | ) | C/A No. 0:20-3051-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of the Social Security Administration,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the court on Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b), in which counsel for Plaintiff seeks attorney's fees in the amount of $36,213.63 for services rendered in representing Plaintiff. (ECF No. 22.) The Commissioner filed a response indicating she neither supports nor opposes Plaintiff's requested amount. (ECF No. 23.)

This amount sought by Plaintiff's counsel is not in excess of twenty-five percent (25%) of the total past-due benefits payable to Plaintiff, which is consistent with the terms of the written contingency fee agreement between Plaintiff and his attorney. Plaintiff previously sought attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and was awarded $4,244.11. (ECF Nos. 19. 20, & 21.)

Section 406(b) provides that whenever a court renders favorable judgment for a claimant, "the court may determine and allow as part of its judgment a reasonable fee" for representation of the claimant before the court. 42 U.S.C. § 406(b)(1)(A). However, the "reasonable fee is not to exceed twenty-five percent 'of the total of the past-due benefits to which the claimant is entitled

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the named defendant because she recently became the Acting Commissioner of Social Security.

by reason of [the] judgment,' and the fee is payable 'out of, and not in addition to, the amount of such past-due benefits.' " Mudd v. Barnhart, 418 F.3d 424, 427 (4th Cir. 2005) (quoting 42 U.S.C. § 406(b)(1)(A)).  In considering the reasonableness of requested fees, the United States Supreme Court has noted that a reduction of the contingent fee may be warranted "based on the character of the representation and the results . . . achieved," if counsel caused delay in the case resulting in the accumulation of past-due benefits, and "[i]f the benefits are large in comparison to the amount of time counsel spent on the case."  Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002).  However, "an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable." Jeter v. Astrue, 622 F.3d 371, 382 (5th Cir. 2010).  Courts have considered a myriad of factors in considering whether a fee constitutes an unearned windfall, such as the overall complexity of the case, the experience of the attorney, the risk of loss involved in the representation, the percentage of the past-due benefits the fee constitutes, the value of the case to a claimant, and whether the client consents to the requested fee.  See, e.g., Jeter, 622 F. 3d at 382; Mudd, 418 F.3d at 428.

In light of the contingent nature of the fees and other relevant considerations (e.g., the complexity of the matter, the adequacy of counsel's representation, and the absence of any delay caused by counsel), the court finds that the fees sought and the equivalent hourly rate are reasonable.  See Gisbrecht v. Barnhart, 535 U.S. 789 (2002) (approving fees based on a contingency fee agreement subject to review for reasonableness, which review considers, *inter alia*, whether there has been substandard representation or delay caused by counsel, and whether the benefits are large in comparison to the amount of time counsel spent on the case).  Plaintiff's counsel obtained a favorable result for his client in this matter in an efficient and effective manner, expending approximately 25.6 hours at the federal court level.  Further, in light of Plaintiff's counsel's extensive experience in social security cases and the risk associated in contingent

matters, an hourly rate of $1,414.59 does not appear to be excessive. See, e.g., Powell v. Colvin, C/A No. 4:12-2085-MGL, 2017 WL 104133 (D.S.C. Jan. 11, 2017) (approving a full twenty-five percent contingency fee with hourly rate of $2,032.56); Claypool v. Barnhart, 294 F.Supp.2d 829, 833 (S.D.W.Va. 2003) (approving contingency fee with hourly rate of $1,433.12); Duvall v. Colvin, C/A No. 5:11-577-RMG, 2013 WL 5506081 (D.S.C. Sept. 30, 2013) (approving a full twenty-five percent contingency fee with an hourly rate of $972.00); Melvin v. Colvin, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving a full twenty-five percent contingency fee with an hourly rate of $1,043.92). The court therefore approves payment of attorney's fees to Plaintiff's counsel under 42 U.S.C. § 406(b) in the amount of $36,213.63, with counsel to remit the EAJA fee amount of $4,244.11 to Plaintiff. See Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 135 (4th Cir. 2009) ("[T]he claimant's attorney refunds to the claimant the amount of the smaller fee."). Accordingly, it is hereby

**ORDERED** that Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) is granted.

**IT IS SO ORDERED.**

February 1, 2022
Columbia, South Carolina

*[signature: Paige J. Gossett]*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE